## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES KEITH LARRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:18-cv-0004-LSC-JEO |
| | ) | |
| CHRISTOPHER GORDY, Warden, | ) | |
| and the ATTORNEY GENERAL | ) | |
| OF THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254 by

Petitioner James Keith Larry, an Alabama state prisoner acting *pro se*. (Doc. 1).

Larry was convicted at trial in 2010 in the Circuit Court of Lauderdale County,

Alabama, on charges of aggravated stalking, *see* Ala. Code § 13A-6-91, and

criminal mischief in the first degree, *see* Ala. Code § 13A7-21. The state trial

court sentenced him to life imprisonment on the former charge and to 15 years

imprisonment on the latter, with the sentences to run consecutively. In his federal

habeas petition, Larry raises claims of ineffective assistance of counsel and argues

that his due process rights were violated on the theory that he was incompetent to

stand trial and was not criminally responsible for his actions due to an alleged

mental defect. (Doc. 1 at 5, 10-26). On January 9, 2018, the magistrate judge to

whom the action is referred entered a Report and Recommendation ("R&R"), *see* 28 U.S.C. § 636(b), recommending that Larry's petition be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b) because it is a successive § 2254 habeas application. (Doc. 4). Larry has now filed a timely Objection to the R&R. (Doc. 7).

Most of Larry's arguments in his eight-page Objection assert that the R&R is due to be rejected because his claims for federal habeas relief are, he says, both timely filed under 28 U.S.C. § 2244(d) and exhausted in the Alabama state courts, as required under 28 U.S.C. § 2254(b). Even if Larry were correct that his claims are both timely and exhausted, these arguments are misguided. That is so because the R&R does not recommend that Larry's claims be denied based on the statute of limitations or a failure to exhaust. Rather, the R&R recommends dismissal of the petition for lack of jurisdiction under 28 U.S.C. § 2244(b) on the ground that it is a second or successive habeas corpus application subject to § 2254. As the magistrate judge explained in the R&R, since Larry has previously filed a § 2254 habeas petition that was denied with prejudice, under § 2244(b)(3)(A), he must procure an order from the Eleventh Circuit Court of Appeals authorizing a district court to hear another § 2254 petition that attacks the validity of the same conviction. To that end, Larry does not dispute that he had a prior § 2254 habeas

petition denied with prejudice, that his instant § 2254 petition attacks the same

Alabama conviction, or that he does not possess an authorizing order from the

Eleventh Circuit.

Larry does raise one argument, however, in which he contends that this

court can still hear his instant claims despite the limitations that § 2244(b) imposes

on successive petitions. In particular, he maintains that the magistrate judge's

recommendation to dismiss for lack of jurisdiction is "contrary to ... 28 U.S.C. §

2244(b)(B)(ii) [sic]." (Doc. 7 at 1). There is no such designated section of 28

U.S.C. § 2244, but it appears that Larry meant to refer to subsection (b)(2)(B)(ii)

of the statute, insofar as he later cites and quotes from that provision in his

Objection. (Doc. 7 at 4). In relevant part, § 2244(b)(2) provides as follows:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> ***
>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §§ 2244(b)(2)(B)(i), (ii).

In this vein, Larry acknowledges that he filed a prior federal habeas corpus petition. He emphasizes, however, that he did not therein raise his instant claim asserting that his conviction violated due process because he was mentally incompetent. (Doc. 7 at 2). From there, he seems to argue that this court is authorized to hear that previously unpresented habeas claim pursuant to § 2244(b)(2)(B)(ii), on the theory that the evidence that he was "mentally insane at the time of the alleged offenses having been committed" is so strong that "no reasonable factfinder would have found [him] guilty ...." (*Id.* at 5).

This line of argument is also wholly without merit. Larry seems to interpret § 2244(b)(2)(B)(ii) as allowing the jurisdictional bar on successive habeas petitions without an authorizing order to be overcome by a finding by the district court that the petitioner is actually innocent of his underlying crime. However, there is no judicially-created actual innocence exception that applies to § 2244(b)'s restrictions on successive habeas applications. *See In re Bolin*, 811 F.3d 403, 411 (11th Cir. 2016) (recognizing that the "actual innocence" exception that allows a federal district court to hear habeas claims that are otherwise time barred does not apply to the statutory restrictions on successive petitions); *Villar v. Warden*, 2017 WL 5617501, at *3 (N.D. Ala. Nov. 3, 2017) (Ott, M.J.), *report and*

*recommendation adopted*, 2017 WL 5598438 (N.D. Ala. Nov. 21, 2017); *Bell v. Thomas*, 2015 WL 5475412, at *2 (N.D. Ala. Sept. 14, 2015). Moreover, Larry's argument misapprehends how the statutory scheme operates. For starters, in order to be eligible to raise a claim not presented in a prior habeas petition in a successive petition under § 2244(b)(2)(B), an applicant must establish not just actual innocence, but also a constitutional violation, *see* 28 U.S.C. § 2244(b)(2)(B)(ii); *In re Lambrix*, 624 F.3d 1355, 1362 (11th Cir. 2010), and that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B)(i). But more to the point here, *the criteria set forth in § 2244(b)(2) for filing successive petitions are not considered by district courts*. Rather, those criteria are considered by the *appropriate court of appeals* in determining whether to issue an order authorizing an applicant to file a second or successive § 2254 petition in a district court. 28 U.S.C. § 2244(b)(3)(C). So even assuming purely for the sake of argument that Larry could make a showing meeting the requirements of both § 2244(b)(2)(B)(i) and (ii), he would have to make that case to the Eleventh Circuit, not this court. Accordingly, the magistrate judge was correct to conclude that this court lacks jurisdiction to entertain Larry's successive habeas petition.

Having carefully reviewed and considered *de novo* all the materials in the

court file, including the magistrate judge's Report and Recommendation and the

Petitioner's Objections thereto, the court is of the opinion that the magistrate

judge's findings are due to be and are hereby **ADOPTED** and his recommendation

is **ACCEPTED**.  Petitioner's Objections are **OVERRULED**.  As a result, the

petition for writ of habeas corpus is due to be **DISMISSED WITHOUT**

**PREJUDICE** for lack of jurisdiction under 28 U.S.C. § 2244(b).  A separate Final

Order will be entered.

     Done this 5<u>th</u> day of <u>February 2018</u>.

 

_____
L. Scott Coogler
United States District Judge
[160704]